J-S48028-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TITO REINALDO WESLEY BIRCH-GREY | : | |
| | : | |
| | : | |
| Appellant | : | No. 899 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 25, 2020
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001420-2019

BEFORE: KUNSELMAN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY KING, J.: **FILED: DECEMBER 29, 2020**

Appellant, Tito Reinaldo Wesley Birch-Grey, appeals from the judgment of sentence entered in the Lehigh County Court of Common Pleas, following his guilty plea to one count each of aggravated assault and possession of a firearm prohibited.[1] We affirm and grant counsel's petition to withdraw.

During an altercation over a stolen stereo on March 1, 2019, Appellant shot one person in the foot and threatened to shoot another individual. The Commonwealth charged Appellant with two counts each of aggravated assault and simple assault, as well as one count each of receiving stolen property, possession of a firearm prohibited, firearms not to be carried without a license, and terroristic threats. On January 31, 2020, Appellant entered a negotiated

_____

[1] 18 Pa. C.S.A. §§ 2702(a)(4) and 6105(a)(1), respectively.

guilty plea to one count of aggravated assault and one count of possession of a firearm prohibited. In exchange, the Commonwealth agreed to imposition of concurrent sentences. On February 25, 2020, with the benefit of a presentence investigation ("PSI") report, the court sentenced Appellant to 6 to 12 years' imprisonment for possession of a firearm prohibited, and a concurrent term of 2 to 4 years' incarceration for aggravated assault.

On February 28, 2020, Appellant filed a timely post-sentence motion to modify his sentence, which the court denied on March 4, 2020. Appellant filed a timely notice of appeal on March 6, 2020. On the same day, counsel filed a "*Praecipe* for Entry/Withdraw of Appearance," requesting the court to permit counsel's withdrawal. On March 9, 2020, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Counsel did not file any Rule 1925 statement. Instead, on September 1, 2020, counsel filed an application to withdraw and a brief in this Court pursuant to **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).[2]

---

[2] Generally, counsel's failure to file a court-ordered Rule 1925 statement constitutes *per se* ineffectiveness. **Commonwealth v. Burton**, 973 A.2d 428, 431-32 (Pa.Super. 2009) (*en banc*). When waiver occurs due to counsel's failure to file a court-ordered concise statement, then remand is proper. **Commonwealth v. Mitchell**, 986 A.2d 1241, 1244 n.4 (Pa.Super. 2009). However, this Court may review an appeal instead of remanding for a concise statement where the trial court addressed the issues an appellant raises on appeal in its opinion. **Burton, supra**. Here, the trial court opinion addresses Appellant's discretionary aspects of sentencing claim, which is the

As a preliminary matter, counsel seeks to withdraw his representation pursuant to *Anders, supra* and *Commonwealth v. Santiago*, 602 Pa. 159, 978 A.2d 349 (2009). *Anders* and *Santiago* require counsel to: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. *Santiago, supra* at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super. 2007). After establishing that counsel has met the antecedent requirements to withdraw, this Court makes an independent review of the record to confirm that the appeal is wholly frivolous. *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa.Super. 2006). *See also Commonwealth v. Dempster*, 187 A.3d 266 (Pa.Super. 2018) (*en banc*).

In *Santiago, supra*, our Supreme Court addressed the briefing requirements where court-appointed appellate counsel seeks to withdraw representation:

---

only issue (other than counsel's request to withdraw) raised in the *Anders* brief. Therefore, we will review the sentencing issue raised in the *Anders* brief, despite counsel's failure to file a court-ordered Rule 1925 statement. *See id.*

> Neither **Anders** nor [**Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981)] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are references to anything in the record that might arguably support the appeal.
>
> *    *    *
>
> Under **Anders**, the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, Appellant's counsel has filed a petition to withdraw. The petition states counsel conducted a conscientious review of the record and determined the appeal is wholly frivolous. Counsel also supplied Appellant with a copy of the brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise any additional issues Appellant deems worthy of this Court's attention. In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case. Counsel's argument

- 4 -

refers to relevant law that might arguably support Appellant's claim on appeal. Counsel further states the reasons for his conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the technical requirements of **Anders** and **Santiago**.

Appellant has not responded to the **Anders** brief *pro se* or with newly-retained private counsel. Counsel raises the following issues on Appellant's behalf:

> Whether the [trial] court abused its discretion by imposing a sentence which was manifestly unreasonable based upon the factors reviewed by the court and that the court failed to properly and fully consider all those factors?
>
> May appointed counsel be permitted to withdraw after a conscientious review of the issues and the facts pursuant to the **Anders** case?

(**Anders** Brief at 7).

Appellant argues the court's 6-to-12-year aggregate sentence is manifestly excessive where the court did not adequately consider certain mitigating factors, such as Appellant's need for treatment, his remorse, his family life, and his acceptance of responsibility, in crafting the sentence. Instead, Appellant contends the court focused solely on the seriousness of the offense. As presented, Appellant challenges the discretionary aspects of his sentence. **See Commonwealth v. Lutes**, 793 A.2d 949, 964 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); **Commonwealth v. Cruz-Centeno**, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195

(1996) (explaining claim that court did not consider mitigating factors challenges discretionary aspects of sentencing).[3]

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal*

---

[3] Although "a guilty plea which includes **sentence negotiation** ordinarily precludes a defendant from contesting the validity of his...sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, **open** plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." *Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa.Super. 2005) (emphasis in original). A plea bargain that includes a sentence recommendation, but no agreement for a stated term, however, does not necessarily preclude a challenge to the discretionary aspects of a sentence. *Commonwealth v. Dalberto*, 648 A.2d 16 (Pa.Super. 1994), *appeal denied*, 540 Pa. 594, 655 A.2d 983 (1995), *cert. denied*, 516 U.S. 818, 116 S.Ct. 75, 133 L.Ed.2d 34 (1995). Here, as the Commonwealth explained at sentencing: "There was a binding agreement that [the] counts would run concurrently. All other sentencing provisions were to be open to the [c]ourt." (N.T. Sentencing Hearing, 2/25/20, at 3). Thus, Appellant's guilty plea was negotiated as to running the sentences concurrent to one another, but the plea did not include an agreement for a "stated term" of the sentence. Thus, Appellant is able to challenge the discretionary aspects of his sentence in this appeal. *See id.*

*denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

Under Pa.R.A.P. 2119(f), an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." ***Commonwealth v. Williams***, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*) (emphasis in original) (internal quotation marks omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Sierra, supra*** at 913. This Court does not accept bald assertions of sentencing errors as substantial questions. ***Commonwealth v. Malovich***, 903 A.2d 1247 (Pa.Super. 2006). Rather, an appellant must articulate the bases for his allegations that the sentencing court's actions violated the

sentencing code. *Id.* A claim of excessiveness can raise a substantial question as to the appropriateness of a sentence under the Sentencing Code, even if the sentence is within the statutory limits. *Mouzon, supra* at 430, 812 A.2d at 624. Bald allegations of excessiveness, however, do not raise a substantial question to warrant appellate review. *Id.* at 435, 812 A.2d at 627. Rather, there is a substantial question "only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process…." *Id.*

"An allegation that a sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate." *Cruz-Centeno, supra* at 545 (internal quotation marks omitted). For example, an allegation that the sentencing court ignored or did not accord proper weight to an appellant's rehabilitative needs does not raise a substantial question. *Commonwealth v. Berry*, 785 A.2d 994 (Pa.Super. 2001). On the other hand, "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa.Super. 2014), *appeal denied*, 629 Pa. 636, 105 A.3d 736 (2014). *See also Commonwealth v. Trimble*, 615 A.2d 48 (Pa.Super. 1992) (holding defendant's claim that court failed to consider

factors set forth under Section 9721(b) and focused solely on seriousness of defendant's offense raised substantial question).

Here, Appellant timely filed a notice of appeal, and preserved his sentencing issue in a timely filed post-sentence motion and in a Rule 2119(f) statement. *See Evans, supra*. As presented, Appellant's claim concerning an excessive sentence in combination with the court's failure to consider certain mitigating factors arguably raises a substantial question. *See Raven, supra*.

Our standard of review concerning the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723, 890 A.2d 1057 (2005).

Pursuant to Section 9721(b), "the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). "[T]he court shall make as

part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." ***Id.*** Nevertheless, "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question…." ***Commonwealth v. Crump***, 995 A.2d 1280, 1283 (Pa.Super. 2010), *appeal denied*, 608 Pa. 661, 13 A.3d 475 (2010). Rather, the record as a whole must reflect the sentencing court's consideration of the facts of the case and the defendant's character. ***Id.*** "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." ***Commonwealth v. Griffin,*** 804 A.2d 1, 10 (Pa.Super. 2002), *appeal denied*, 582 Pa. 671, 868 A.2d 1198 (2005), *cert denied*, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005).

Instantly, the court imposed sentences that were in the standard range of the guidelines. Additionally, the court had the benefit of a PSI report at sentencing. Therefore, we can presume the court considered the relevant factors when sentencing Appellant. ***See Tirado, supra*** (stating where sentencing court had benefit of PSI report, law presumes court was aware of and weighed relevant information regarding defendant's character and mitigating factors). Moreover, the court explained at sentencing that it considered Appellant's prior record, the circumstances of the altercation, and the impact Appellant's actions had on the victims when it crafted Appellant's sentence. The court also considered character letters from Appellant's wife

and daughter, as well as testimony from Appellant and his wife, which included information about Appellant's family life, employment history, acceptance of responsibility for his actions, and expression of remorse. Thus, the court properly considered the appropriate factors in rendering Appellant sentence, and Appellant's sentencing challenge fails. *See Hyland, supra*. Following an independent review of the record, we agree with counsel that the appeal is wholly frivolous. *See Dempster, supra*. Accordingly, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/29/20